Singh v. Sessions

BIA
Laforest, IJ
A200 892 417

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges.*

———————————————————————————————

GURPREET SINGH,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS, III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

15-2803
NAC

———————————————————————————————

FOR PETITIONER:          Amy Nussbaum Gell, New York, NY.

---

[1] - Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III, is automatically substituted as Respondent.

**FOR RESPONDENT:**                    Benjamin C. Mizer, Principal Deputy
                                       Assistant Attorney General; Paul
                                       Fiorino, Senior Litigation Counsel;
                                       Katherine A. Smith, Trial Attorney,
                                       Office of Immigration Litigation,
                                       United States Department of Justice,
                                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a
Board of Immigration Appeals ("BIA") decision, it is hereby
ORDERED, ADJUDGED, AND DECREED that the petition for review is
DENIED.

Petitioner Gurpreet Singh, a native and citizen of India,
seeks review of an August 12, 2015, decision of the BIA,
affirming an August 12, 2014, decision of an Immigration Judge
("IJ") denying Singh's application for asylum, withholding of
removal, and relief under the Convention Against Torture
("CAT"). *In re Gurpreet Singh,* No. A200 892 417 (B.I.A. Aug.
12, 2015), *aff'g* No. A200 892 417 (Immig. Ct. N.Y. City Aug.
12, 2014). We assume the parties' familiarity with the
underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the
decision of the IJ as supplemented by the BIA. *See Chen v.
Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The issues are
whether the agency erred in denying as not credible Singh's
claim based on his political opinion, and whether the BIA abused

2

its discretion in declining to remand for consideration of new evidence.

Adverse Credibility Determination

"We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)). The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," and inconsistencies in the record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that he suffered persecution and fears future persecution on account of his family's support for the Indian National Lok Dal Party.

The IJ reasonably relied on Singh's demeanor, noting that his testimony was evasive and unresponsive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1

3

(2d Cir. 2005). That finding is supported by the record. Singh was evasive when testifying about where in India he hid from Congress Party members, and when explaining omissions in his documents regarding his time in hiding and his father's death.

The IJ's demeanor finding and the overall credibility determination are bolstered by record inconsistencies regarding whether Singh went into hiding and what injuries he suffered during an alleged attack by Congress Party members. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67 & n.3. Singh did not provide compelling explanations for his inconsistent evidence. *See Majidi*, 430 F.3d at 80.

Having questioned Singh's credibility, the agency reasonably relied further on his failure to corroborate his claims. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the demeanor, inconsistency, and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). Contrary to Singh's position, that determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Motion to Remand

We review the denial of a motion to remand for abuse of discretion. *See Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-57 (2d Cir. 2005). "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Id.* at 156. The movant must "present material, previously unavailable evidence." *Id.* at 158; *see also* 8 C.F.R. § 1003.2(c)(1). The BIA did not abuse its discretion in declining to remand for consideration of Singh's additional evidence because that evidence was available at the time of his 2014 merits hearing before the IJ. *See* 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006) ("[I]n reviewing the BIA's determination of whether previously unavailable evidence support[s] the . . . motion

5

to reopen, [the Court] must inquire whether the evidence could have been presented at the hearing before the IJ.").

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk